# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1843, AT SALEM.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

## Franklin Brickett vs. Stephen Minot.

In the trial of an action of debt on the Rev. Sts. c. 35, § 3, to recover back three fold the amount of interest paid by the plaintiff, when he has paid a greater rate of interest than is allowed by law, the plaintiff is not, by § 4, a competent witness, unless there is put in issue the fact of unlawful interest having been taken or reserved on a preëxisting contract. And if the declaration, in such action, avers the payment of unlawful interest to the defendant by the plaintiff, without averring a previous contract that such interest should be paid, evidence is not admissible to prove that such previous contract was made.

THIS was an action of debt to recover back interest alleged to have been usuriously paid by the plaintiff to the defendant. The declaration was as follows: " For that heretofore, to wit, on the 12th day of April 1838, the said plaintiff, at Haverhill, in said county, borrowed and received from said defendant, for the sole use and accommodation of him the said plaintiff, the sum of $350, for which the said plaintiff, on the said 12th day of April in the said year of 1838, with one Horace S. Brad-'ey and one Alfred Kittredge, gave to the said defendant a cer-

tain promissory note by them signed, by which they the said Brickett, Bradley, and Kittredge, for value received, jointly and severally promised to pay to the said defendant, or his order, the said sum of $350, on demand with interest; and the said plaintiff avers, that on the 19th day of July 1839 he paid to said defendant the legal interest upon said note for one year, to wit, upon said sum of $350, from the 12th day of the said April in the year 1838 to the 12th day of April in the year 1839; and also the interest upon said interest for one year from the time when the said year expired till the time of payment, to wit, from said 12th day of April in the year 1839 to said 19th day of July in the year 1839; and the said plaintiff further avers, that on the 1st day of November in the said year 1839, he the said Brickett paid to the said Minot, the defendant, the sum of $100 upon the said note, and thereafter, to wit, on the 24th day of August 1840, there was justly due and owing from said plaintiff to said defendant, upon the said note, a balance of the principal of the said note, to wit, the sum of $261·67, and legal interest upon said balance of $261·67, from the said 1st day of November in said year 1839 to said 24th day of August in said year 1840; and the plaintiff avers that on said 24th day of August in the year 1840, at said Haverhill, he paid to the said defendant the said sum of $261·67, said balance of said principal upon said note, and the further sum of $37·45 as interest upon said balance of said principal, to wit, upon the sum of $261·67 from said 1st day of November in said year 1839 to said 24th day of August in said year 1840: and the said plaintiff avers that the said sum of $37·45, so paid as interest on said sum of $261·67 from said 1st day of November in said year 1839, to said 24th day of August in said year 1840, was at a greater rate of interest than at the rate of $6 on $100 for one year; and that the said sum of $37·45, so paid as interest, was so paid by the said plaintiff, and received by the said defendant, usuriouslv. and with the intent, on the part of the said plaintiff to pay, with the intent on the part of the said defendant to receive, greater rate of interest than is allowed by law, and contrary ' the form of the statute of this Commonwealth, concerning the in-

terest of money ; whereby, and by force of the said statute, an action has accrued to the said plaintiff to sue the said defendant, and to recover back three fold the amount so paid by said plaintiff to said defendant, to wit, three fold the amount of $37·45, to wit, the sum of $111·35 ; yet though requested," &c.

At the trial in the court of common pleas, on the general issue, the plaintiff, to maintain the issue on his part, offered himself as a witness to prove the agreement to pay and the payment of usurious interest, as alleged in his declaration.   The defendant objected, that the plaintiff was not a competent witness, unless the defendant first offered himself as a witness.   This objection was overruled, and the plaintiff testified as follows :   " On the 12th of April 1838, I signed a note, with Horace S. Bradley and Alfred Kittredge as sureties, for $350, which I gave to the defendant, on that day, for that sum then lent to me.   The first payment made on this note was on the 19th of July 1839, of one year's interest to April 12th 1839, and 35 cents as interest on interest from April 12th to July 19th.   The next payment was made, November 1st 1839, of $100.   I considered it as principal. There was nothing said about it at the time.   It was indorsed generally on the note.   On the 22d of November 1839, the defendant called on me for payment of the balance due on the note.   I told him I could not pay it.   He then said I must pay him two per cent. a month, to begin from the 22d of October previous.   I told him I would pay it to him for six months. On the 22d of April 1840, he called on me for payment of the principal and interest.   I did not then pay him ; but, on the 24th of August 1840, I paid him, as principal and interest, $299·12 ; " which included two per cent. a month from October 22d 1839 to August 22d 1840.   " This was the only payment I made after the agreement of November 22d 1839.   I had never paid him any extra interest before that time."

The defendant objected, that this testimony did not support the declaration, but that there was a variance, in several particulars, between the allegations and the proof.   The court overruled this objection, and the jury returned a verdict for the plaintiff. The defendant thereupon alleged exceptions to the several rulings of the court.

The argument was had at the last November term.

*Minot, pro se.* (*N. J. Lord* was with him.)

*Ward & O. P. Lord*, for the plaintiff.

WILDE, J. This case depends on the construction to be given to the 4th section of the 35th chapter of the revised statutes. The question is, whether by that section the plaintiff ought to have been admitted as a competent witness to prove the payment of unlawful interest, as alleged in the declaration By that section, it is provided that " in the trial of any action, wherein it shall appear, by the pleadings, that the fact of unlawful interest having been *taken or reserved* is put in issue, it shall be lawful for the debtor (the creditor being living) to become a witness, and he shall be admitted as such ; and the creditor, if he shall offer his testimony, shall also be admitted as a witness, together with any other legal evidence that may be introduced by either party." The question turns on the meaning of the words " taken or reserved." To render the witness competent under the statute, it must appear that the fact of unlawful interest having been " taken or reserved " was put in issue on the trial. By the 2d section it is provided that " no contract or assurance for the payment of money, with interest at a greater rate than is allowed " by law, " shall be thereby rendered void ; but whenever, in any action brought on such contract or assurance, it shall appear that a greater rate of interest has been directly or indirectly reserved, taken, or received, than is allowed by law, the defendant shall recover his full costs, and the plaintiff shall forfeit three fold the amount of the whole interest reserved or taken." The meaning of the words " reserved or taken," in this section, is manifest. They refer to a usurious contract for the loan of money, whereby there had been reserved or taken a greater rate of interest than is allowed by law, at the inception of the contract ; and not to the payment of unlawful and usurious interest on a lawful contract. The same words are used in the same sense in the English *St.* 12 Anne, *c.* 16, and in the provincial *St.* 5 Wm. & Mary, *c.* 1, (Anc. Chart. 257,) and in the *St.* of 1783, *c.* 55.

In *St.* 1825, *c.* 143, § 2, was this provision : " In the trial

of any action, wherein it shall appear by the pleadings that the fact of usury shall be put in issue, it shall be lawful for the debtor (the creditor being alive) to become a witness, and his testimony shall be received as evidence, unless the creditor shall offer his testimony, in which case that shall be received, together with any other legal evidence that may be introduced by either party." That provision did not apply to actions to recover back unlawful interest *paid*, for every such action was by § 1 of that statute expressly prohibited. By *St.* 1826, *c.* 27, § 6, this prohibitory clause was repealed, and it was provided, by § 5, that in the trial of any action, wherein it should appear by the pleadings, that the fact of usury was in issue, it should be lawful for both the debtor and the creditor to become witnesses. The language of this section is not followed in the Rev. Sts. *c.* 35, § 4; but the parties are not to be admitted as witnesses, unless the fact of unlawful interest having been *taken or reserved* shall be put in issue. And we are of opinion that the language of the 2d and 4th sections, as to the taking or reserving of unlawful interest, being the same, is to receive the same construction, and consequently that the parties are not competent witnesses, unless in cases where unlawful interest has been taken or reserved at the inception of the contract.

Now, on looking into the declaration in this case, we find that the only contract set forth was a lawful contract; it being a promissory note of hand for the sum of $350, payable on demand, with lawful interest. No unlawful interest was ever taken or reserved by this contract. It is then averred, that on the 1st of November 1839, the plaintiff paid on this note the sum of $100, and that afterwards, on the 24th of August 1840, he paid the note in full, including the sum of $37·45 as interest on the balance due on said note from the 1st day of November 1839 to said 24th day of August 1840; which sum, paid as interest, it is averred, was at a greater rate of interest than at the rate of $6 on $100 for one year. But there is no averment that any unlawful interest was ever reserved or taken in or by any contract or agreement between the parties; and consequently that fact was not put in issue at the trial. It is true

that the plaintiff testified that the interest was paid in pursuance of an agreement made on the 22d of November 1839, by which the plaintiff promised to pay two per cent. a month, for six months, on the balance then due on the said note. But this part of the evidence must be rejected as inadmissible ; there being no such agreement alleged in the declaration. And it is very clear that such an agreement does not make the note usurious. We are therefore of opinion that the declaration does not put in issue the fact of unlawful interest having been taken or reserved on any contract, and consequently, that the plaintiff is not a competent witness.

The action is founded on § 3 of *c.* 35 of the Rev. Sts., which provides that " whenever a greater rate of interest than is allowed by law shall have been paid, the party paying the same may recover back three fold the amount of the whole interest paid, either by an action of debt or by a bill in chancery." The plaintiff, by a bill in chancery, might have compelled the defendant to answer interrogatories under oath, as to the payment of the unlawful interest ; but in an action at law the parties are not competent witnesses. The 4th section does not extend to voluntary payments of unlawful interest, not made in pursuance of any previous contract. Why the distinction was made between the taking or reserving of unlawful interest by contract, and a voluntary payment, not made in pursuance of any contract, we have no means of ascertaining. But probably it was supposed that a bill in chancery would be an adequate remedy for a party paying unlawful interest voluntarily, and which he was not bound to pay by any previous agreement. Whether such a voluntary payment is within the true meaning of the 3d section, we are not called upon to decide ; but however that may be, we are satisfied that the plaintiff was not a competent witness to prove the supposed payment in the present case.

*New trial granted.*